IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jason L. Gainey, | ) | Case No.: 2:21-00994-JD-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Officer Matthew Barwick, Officer Willie Sweat, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker (DE 92), made under Local Civil Rule 73.02(B)(2) of the District of South Carolina, concerning Defendant Officer Willie Sweat's ("Sweat") renewed Motion for Summary Judgment.[1] (DE 82.)

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Plaintiff filed this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, alleging his constitutional rights were violated when Officer Matthew Barwick ("Barwick") caused him injury by placing handcuffs on him extremely tight during his arrest. (DE 15.) Gainey also claims that Sweat caused him injury by refusing to remove the extremely tight handcuffs and slamming a cell door on his handcuffs after his arrest. (*Id.*) Gainey seeks compensatory and punitive damages as well as injunctive relief. (*Id.* at 14-15.)

On December 19, 2022, the Court issued an Order granting in part and denying in part Defendants Barwick and Sweat's (collectively "Defendants") initial Motion for Summary Judgment. (DE 61.) The Court denied summary judgment as to Plaintiff's §1983 claims for excessive force against Defendants in their individual capacities and dismissed Plaintiff's remaining claims. (*Id.*) After that, with the Court's permission, Defendants renewed their Motions for Summary Judgment on October 21, 2024. (DE 81, 82.) On October 23, 2024, the Magistrate Judge issued an Order under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the motions. (DE 85.) Plaintiff did not respond to the motions.

On December 9, 2024, the Magistrate Judge issued an Order dismissing Barwick's Motion for Summary Judgment as moot because "[u]pon review, Defendant Barwick's renewed Motion for Summary Judgment [(DE 81)] does not address the issue of exhaustion. Rather, Barwick again seeks summary judgment on the merits of Plaintiff's claims." (DE 90.) The Order instructed Plaintiff that he only needed to

2

respond to Sweat's arguments on exhaustion. The Order also extended the deadline for Plaintiff to file a response to Sweat's Motion for Summary Judgment to January 3, 2025, and Plaintiff was specifically advised that if he failed to respond, his claims against Sweat could be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.*) Plaintiff failed to respond.

### B. Report and Recommendation

On January 9, 2025, the Magistrate Judge issued the Report recommending that Plaintiff's claims against Sweat be dismissed with prejudice for lack of prosecution and failure to comply with this Court's orders. (DE 92.) Plaintiff has not objected to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Plaintiff has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 92) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's claims against Defendant Sweat are dismissed with prejudice for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Further, it is **ORDERED** that Defendant Sweat is dismissed from this action.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 2, 2025

**NOTICE OF RIGHT TO APPEAL**

The Parties are hereby notified of the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.