**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **Jason L. Gainey,** | ) | **Civil Case No. 2:21-cv-00994-JD-MGB** |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **Officer Matthew Barwick,** | ) | |
| **Officer Willie Sweat,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Plaintiff, appearing *pro se* and *in forma pauperis*, seeks relief pursuant to 42 U.S.C. § 1983. Defendants Matthew Barwick ("Barwick") and Willie Sweat ("Sweat") (collectively, "Defendants") filed their initial Motion for Summary Judgment on June 6, 2022. (Dkt. No. 52.) On December 19, 2024, the District Judge issued an Order granting in part and denying in part Defendants' Motion. (Dkt. No. 61.) More specifically, the District Judge denied summary judgment as to Plaintiff's § 1983 claims for excessive force against Defendants in their individual capacities and dismissed Plaintiff's remaining claims. (*Id*.) Subsequently, with the Court's leave, Defendant Sweat filed a renewed Motion for Summary Judgment on October 21, 2024.[1] (Dkt. Nos. 77; 82.) On October 23, 2024, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 85.) When Plaintiff failed to respond, the Court issued an Order on April 2, 2025, dismissing Plaintiff's claims against Sweat with prejudice for lack of prosecution and failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Dkt. No. 97.)

---

[1] The procedural history of this action has been exhaustively detailed in the undersigned's December 9, 2024 Order (Dkt. No. 90) and is incorporated herein by reference.

On June 24, 2025, Defendant Barwick filed a Motion to Dismiss for Failure to Prosecute. (Dkt. No. 101.) On June 30, 2025, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 103.) Plaintiff's response was due by July 31, 2025, and he has failed to respond.[2]

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

IT IS SO RECOMMENDED.

August 7, 2025
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2] Additionally, the *Roseboro* Order was returned to the Court on August 1, 2025, with the envelope stating "unable to forward." (Dkt. No. 105.) Plaintiff is no longer in SCDC custody, and his current address is unknown.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).