IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jason L. Gainey, | ) Case No.: 2:21-cv-00994-JD-MGB |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| Officer Matthew Barwick, Officer Willie Sweat, | ) |
| Defendants. | ) |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker (DE 106) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Plaintiff Jason L. Gainey's ("Plaintiff" or "Gainey") failure to respond to Defendant Officer Matthew Barwick's Motion to Dismiss (DE 101).[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 against Defendants Officer Matthew Barwick ("Barwick") and Officer

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Willie Sweat ("Sweat") (collectively, "Defendants"). Plaintiff alleges that Defendants used excessive force against him in violation of his constitutional rights.

On June 6, 2022, Defendants filed their initial Motion for Summary Judgment. (DE 52.) On December 19, 2024, the District Judge granted in part and denied in part that motion, dismissing all claims except Plaintiff's § 1983 excessive force claims against Defendants in their individual capacities. (DE 61.) Thereafter, with leave of the Court, Defendant Sweat filed a renewed Motion for Summary Judgment. (DE 77; 82.) When Plaintiff failed to respond, the Court dismissed Plaintiff's claims against Sweat with prejudice on April 2, 2025, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[2] (DE 97.)

On June 24, 2025, Defendant Barwick filed a Motion to Dismiss for Failure to Prosecute. (DE 101.) Plaintiff was advised of the dismissal procedure and the consequences of failing to respond pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (DE 103.) Plaintiff's response was due by July 31, 2025, but he failed to respond. In addition, the *Roseboro* Order mailed to Plaintiff was returned to the Court on August 1, 2025, marked "unable to forward," indicating that Plaintiff is no longer in South Carolina Department of Corrections custody and his current address is unknown. (DE 105.)

---

[2]    Accordingly, this case now proceeds only against Defendant Matthew Barwick.

### B. Report and Recommendation

On August 7, 2025, the Magistrate Judge issued the Report recommending that Defendant Barwick's Motion to Dismiss (DE 101) be granted and that Plaintiff's remaining claims be dismissed with prejudice. (DE 106.)

The Report concludes that dismissal is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which permits involuntary dismissal of an action for failure to prosecute or comply with court orders. *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). The Magistrate Judge noted that Plaintiff failed to respond to Barwick's Motion to Dismiss despite being given proper notice under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (DE 103.) Moreover, the *Roseboro* Order mailed to Plaintiff was returned to the Court as undeliverable, and Plaintiff's whereabouts remain unknown. (DE 105.)

Applying the factors set forth in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982), the Report found that Plaintiff's failure to prosecute and failure to comply with the Court's orders demonstrates Plaintiff does not intend to pursue his claims. Accordingly, the Magistrate Judge recommended dismissal with prejudice of Plaintiff's remaining claims against Defendant Barwick.

No objections to the Report have been filed, and the time for doing so has expired.

### C. Conclusion

The Court has reviewed the Report and Recommendation and finds no clear error. Accordingly, the Court adopts the Report and Recommendation (DE 106) in full.

**IT IS THEREFORE ORDERED** that Defendant Matthew Barwick's Motion to Dismiss for Failure to Prosecute (DE 101) is **GRANTED**, and Plaintiff Jason L. Gainey's remaining claims are **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 27, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.